**FILED**
CLERK, U.S. DISTRICT COURT

7/30/2025

**CENTRAL DISTRICT OF CALIFORNIA**
BY: _____ MMC _____ DEPUTY

1  BILAL A. ESSALI
   United States Attorney
2  MARK P. TAKLA
   Assistant United States Attorney
3  Chief, Orange County Office
   STEPHANIE L. ORRICK (Cal. Bar No. 199251)
4  Special Assistant United States Attorney
        Ronald Reagan Federal Bldg & U.S. Courthouse
5       411 West 4th Street, Suite 8000
        Santa Ana, California 92701
6       Telephone: (714) 338-3599
        Facsimile: (714) 338-3561
7       E-mail:    stephanie.orrick@usdoj.gov

8  Attorneys for Plaintiff
   UNITED STATES OF AMERICA

9

10                  UNITED STATES DISTRICT COURT

11            FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,          No. CR  2:25-CR-00628-MCS

            Plaintiff,                 PLEA AGREEMENT FOR DEFENDANT
13                                     WEN YU KAO
                 v.
14
   WEN YU KAO,
15    aka "Wayne Kao,"

16            Defendant.

17

18       1.   This constitutes the plea agreement between WEN YU KAO,

19  also known as "Wayne Kao," ("defendant") and the United States

20  Attorney's Office for the Central District of California (the "USAO")

21  in the above-captioned case.  This agreement is limited to the USAO

22  and cannot bind any other federal, state, local, or foreign

23  prosecuting, enforcement, administrative, or regulatory authorities.

24                   DEFENDANT'S OBLIGATIONS

25       2.   Defendant agrees to:

26       a.   Give up the right to indictment by a grand jury and,

27  at the earliest opportunity requested by the USAO and provided by the

28  Court, appear and plead guilty to a single-count information, which

1  charges defendant with Wire Fraud, in violation of 18 U.S.C. § 1343.

2         b.   Not contest facts agreed to in this agreement.

3         c.   Abide by all agreements regarding sentencing contained

4  in this agreement.

5         d.   Appear for all court appearances, surrender as ordered

6  for service of sentence, obey all conditions of any bond, and obey

7  any other ongoing court order in this matter.

8         e.   Not commit any crime; however, offenses that would be

9  excluded for sentencing purposes under United States Sentencing

10 Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

11 within the scope of this agreement.

12        f.   Be truthful at all times with the United States

13 Probation and Pretrial Services Office and the Court.

14        g.   Pay the applicable special assessment at or before the

15 time of sentencing unless defendant has demonstrated a lack of

16 ability to pay such assessments.

17                    THE USAO'S OBLIGATIONS

18   3.   The USAO agrees to:

19        a.   Not contest facts agreed to in this agreement.

20        b.   Abide by all agreements regarding sentencing contained

21 in this agreement.

22        c.   At the time of sentencing, provided that defendant

23 demonstrates an acceptance of responsibility for the offense up to

24 and including the time of sentencing, recommend a two-level reduction

25 in the applicable Sentencing Guidelines offense level, pursuant to

26 U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

27 additional one-level reduction if available under that section.

28        d.   Recommend that defendant be sentenced to a term of

imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 7 or higher and provided that the Court does not depart downward in offense level or criminal history category.  For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

<u>NATURE OF THE OFFENSE</u>

Defendant understands that for defendant to be guilty of the crime charged in count the single-count information, that is, Wire Fraud, in violation of 18 United States Code, Section 1343, the following must be true: (1) defendant knowingly devised a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;   (2) the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;   (3) defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and (4) defendant used, or caused to be used, an interstate or foreign wire communication to carry out or attempt to carry out an essential part of the scheme.

<u>PENALTIES AND RESTITUTION</u>

4.  Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1343, is: 20 years imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

3

5.    Defendant understands that defendant will be required to pay full restitution to the victim(s) of the offense to which defendant is pleading guilty. Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim(s) of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty. In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty; and (b) any counts dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts.  The parties currently believe that the applicable amount of restitution is approximately $20,467, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

6.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

8.    Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

<u>FACTUAL BASIS</u>

9.    Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of

guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 11 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

At all times relevant to this plea agreement, the Medicare program ("Medicare") was a federal health care benefit program, affecting commerce, that provided benefits to individuals who were 65 years and older or disabled. Medicare was administered by the Centers for Medicare and Medicaid Services ("CMS"), a federal agency under the United States Department of Health and Human Services ("HHS"). Individuals who received benefits under Medicare were referred to as Medicare "beneficiaries." Medicare is a "health care benefit program" as defined by Title 18, United States Code, Section 24(b).

Medicare only covered services that were medically reasonable and necessary and provided as represented.

Defendant was a licensed psychologist in the State of California and was the Chief Executive Officer, and Chief Financial Officer, Director, and Secretary of Healing Rhythms Psychological Services PC ("Healing Rhythms") located in Monrovia, California 91016.

In or about 2019, defendant enrolled Healing Rhythms as a provider of psychological services with Medicare and was the sole signatory on the JPMorgan Chase bank account into which Medicare payments for Healing Rhythms were deposited. Defendant was the sole signatory on the bank account into which Medicare reimbursements to Healing Rhythms were deposited.

From on or about November 17, 2022, and continuing through in or about November 22, 2023, defendant admits that he knowingly and with intent to defraud, executed a scheme to obtain money from Medicare by means of material false or fraudulent pretenses, representations, or promises.

In particular, defendant supervised students enrolled in a doctoral program by allowing them to accompany him when treating his patients.  The students were unlicensed and required to complete a certain number of hours in a practicum setting.

Even though the students were unlicensed, defendant instructed the students to conduct group therapy sessions.  Defendant knowingly billed Medicare for group therapy sessions that were run solely by unlicensed students where no actual psychotherapy services were provided.  Defendant also knowingly billed Medicare for group therapy sessions where no actual psychotherapy services were provided and/or psychotherapy services were provided that defendant knew were not covered by Medicare.

Defendant submitted these fraudulent claims to Medicare under his National Provider Identification number, causing Medicare to pay $20,467 for false claims submitted by Healing Rhythms.

Pursuant to the above scheme and in order to execute it, in Los Angeles County, within the Central District of California, on or about July 28, 2022, defendant cause the transmission of $5,980.76 from Medicare to Healing Rhythm's Chase bank account located in California for payment of psychotherapy services.  This wire transfer was processed by Noridian located in North Dakota.

1                              SENTENCING FACTORS

2         10.   Defendant understands that in determining defendant's

3    sentence the Court is required to calculate the applicable Sentencing

4    Guidelines range and to consider that range, possible departures

5    under the Sentencing Guidelines, and the other sentencing factors set

6    forth in 18 U.S.C. § 3553(a).  Defendant understands that the

7    Sentencing Guidelines are advisory only, that defendant cannot have

8    any expectation of receiving a sentence within the calculated

9    Sentencing Guidelines range, and that after considering the

10   Sentencing Guidelines and the other § 3553(a) factors, the Court will

11   be free to exercise its discretion to impose any sentence it finds

12   appropriate up to the maximum set by statute for the crime of

13   conviction.

14        11.   Defendant and the USAO agree to the following applicable

15   Sentencing Guidelines factors:

16     Base Offense Level:            7        U.S.S.G. § 2B1.1(a)(1)

17     Loss < $15,000:               +4     U.S.S.G. § 2B1.1(b)(1)(D)

18

19   Defendant and the USAO reserve the right to argue that additional

20   specific offense characteristics, adjustments, and departures under

21   the Sentencing Guidelines are appropriate.

22        12.   Defendant understands that there is no agreement as to

23   defendant's criminal history or criminal history category.

24        13.   Defendant and the USAO reserve the right to argue for a

25   sentence outside the sentencing range established by the Sentencing

26   Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),

27   (a)(2), (a)(3), (a)(6), and (a)(7).

28

                                      8

1
<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

2    14.  Defendant understands that by pleading guilty, defendant

3    gives up the following rights:

4              a.   The right to persist in a plea of not guilty.

5              b.   The right to a speedy and public trial by jury.

6              c.   The right to be represented by counsel -- and if

7    necessary have the Court appoint counsel -- at trial.  Defendant

8    understands, however, that, defendant retains the right to be

9    represented by counsel -- and if necessary have the Court appoint

10   counsel -- at every other stage of the proceeding.

11             d.   The right to be presumed innocent and to have the

12   burden of proof placed on the government to prove defendant guilty

13   beyond a reasonable doubt.

14             e.   The right to confront and cross-examine witnesses

15   against defendant.

16             f.   The right to testify and to present evidence in

17   opposition to the charges, including the right to compel the

18   attendance of witnesses to testify.

19             g.   The right not to be compelled to testify, and, if

20   defendant chose not to testify or present evidence, to have that

21   choice not be used against defendant.

22             h.   Any and all rights to pursue any affirmative defenses,

23   Fourth Amendment or Fifth Amendment claims, and other pretrial

24   motions that have been filed or could be filed.

25
<u>WAIVER OF APPEAL OF CONVICTION</u>

26   15.  Defendant understands that, with the exception of an appeal

27   based on a claim that defendant's guilty plea was involuntary, by

28   pleading guilty defendant is waiving and giving up any right to

9

appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

16.  Defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $20,467; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

17.  Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant

understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

18.   The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above, and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 7 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the following: the amount of restitution ordered if that amount is less than $20,467.

WAIVER OF APPEAL AND COLLATERAL ATTACK

18.   Defendant also gives up any right to bring a postconviction collateral attack on the conviction or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, that newly discovered evidence purportedly supports defendant's innocence, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

1

## RESULT OF WITHDRAWAL OF GUILTY PLEA

2    19.  Defendant agrees that if, after entering a guilty plea

3  pursuant to this agreement, defendant seeks to withdraw and succeeds

4  in withdrawing defendant's guilty plea on any basis other than a

5  claim and finding that entry into this plea agreement was

6  involuntary, then (a) the USAO will be relieved of all of its

7  obligations under this agreement; and (b) should the USAO choose to

8  pursue any charge or any allegation of a prior conviction for a

9  serious felony that was either dismissed or not filed as a result of

10  this agreement, then (i) any applicable statute of limitations will

11  be tolled between the date of defendant's signing of this agreement

12  and the filing commencing any such action; and (ii) defendant waives

13  and gives up all defenses based on the statute of limitations, any

14  claim of pre-indictment delay, or any speedy trial claim with respect

15  to any such action, except to the extent that such defenses existed

16  as of the date of defendant's signing this agreement.

17

## EFFECTIVE DATE OF AGREEMENT

18    20.  This agreement is effective upon signature and execution of

19  all required certifications by defendant, defendant's counsel, and an

20  Assistant United States Attorney.

21

## BREACH OF AGREEMENT

22    21.  Defendant agrees that if defendant, at any time after the

23  signature of this agreement and execution of all required

24  certifications by defendant, defendant's counsel, and an Assistant

25  United States Attorney, knowingly violates or fails to perform any of

26  defendant's obligations under this agreement ("a breach"), the USAO

27  may declare this agreement breached.  All of defendant's obligations

28  are material, a single breach of this agreement is sufficient for the

USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

22. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge or any allegation of a prior conviction for a serious felony that was either dismissed or not filed as a result of this agreement, then:

a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any

1 | evidence derived from the statements should be suppressed or are

2 | inadmissible.

3 | COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

4 | OFFICE NOT PARTIES

5 | 23. Defendant understands that the Court and the United States

6 | Probation and Pretrial Services Office are not parties to this

7 | agreement and need not accept any of the USAO's sentencing

8 | recommendations or the parties' agreements to facts or sentencing

9 | factors.

10 | 24. Defendant understands that both defendant and the USAO are

11 | free to: (a) supplement the facts by supplying relevant information

12 | to the United States Probation and Pretrial Services Office and the

13 | Court, (b) correct any and all factual misstatements relating to the

14 | Court's Sentencing Guidelines calculations and determination of

15 | sentence, and (c) argue on appeal and collateral review that the

16 | Court's Sentencing Guidelines calculations and the sentence it

17 | chooses to impose are not error, although each party agrees to

18 | maintain its view that the calculations in paragraph 11 are

19 | consistent with the facts of this case. While this paragraph permits

20 | both the USAO and defendant to submit full and complete factual

21 | information to the United States Probation and Pretrial Services

22 | Office and the Court, even if that factual information may be viewed

23 | as inconsistent with the facts agreed to in this agreement, this

24 | paragraph does not affect defendant's and the USAO's obligations not

25 | to contest the facts agreed to in this agreement.

26 | 25. Defendant understands that even if the Court ignores any

27 | sentencing recommendation, finds facts or reaches conclusions

28 | different from those agreed to, and/or imposes any sentence up to the

14

maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

26.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//

//

//

//

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

27.  The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

BILAL A. ESSAYLI
United States Attorney

_____          July 29, 2025
STEPHANIE L. ORRICK                          Date
Special Assistant United States
Attorney

_____          7/15/25
WEN YU KAO                                   Date
Defendant

_____          July 15, 2025
SANJAY BHANDARI                              Date
Attorney for Defendant Wen Yu Kao


CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or

16

representations of any kind have been made to me other than those
contained in this agreement. No one has threatened or forced me in
any way to enter into this agreement. I am satisfied with the
representation of my attorney in this matter, and I am pleading
guilty because I am guilty of the charge and wish to take advantage
of the promises set forth in this agreement, and not for any other
reason.

_____          ___7/15/25___
WEN YU KAO                                    Date
Defendant


                CERTIFICATION OF DEFENDANT'S ATTORNEY

     I am WEN YU KAO's attorney. I have carefully and thoroughly
discussed every part of this agreement with my client. Further, I
have fully advised my client of his rights, of possible pretrial
motions that might be filed, of possible defenses that might be
asserted either prior to or at trial, of the sentencing factors set
forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
provisions, and of the consequences of entering into this agreement.
To my knowledge: no promises, inducements, or representations of any
kind have been made to my client other than those contained in this
agreement; no one has threatened or forced my client in any way to
enter into this agreement; my client's decision to enter into this
agreement is an informed and voluntary one; and the factual basis set
forth in this agreement is sufficient to support my client's entry of
a guilty plea pursuant to this agreement.

_____          July 15, 2025
SANJAY BHANDARI                              Date
Attorney for Defendant Wen Yu Kao

                              17